S. L. COATS AND WIFE, ESTHER COATS, v. THE RALEIGH SAVINGS
BANK AND TRUST COMPANY, TRUSTEE, AND ATLANTIC JOINT
STOCK LAND BANK.

(Filed 16 March, 1932.)

**Mortgages C e—Mortgagee held not entitled to apply proceeds of fire
insurance to payment of matured notes under mortgage provision.**

Where according to the terms of the instrument the mortgagor is re-
quired to take out insurance on the property covered thereby and in
case of destruction by fire to apply the proceeds to the notes secured by
the mortgage under the regulations of the Federal Farm Loan Board or
to rebuild under certain regulations: *Held*, there being no provision in
the mortgage that the funds realized under the fire insurance policy
could be applied to delinquent taxes and the regulations of the Farm
Loan Board stipulating that it could be applied only to the unmatured
principal, an order restraining the foreclosure upon the ground that the
mortgagor had a right to apply it to the payment of delinquent taxes and
to the matured notes is erroneous.

APPEAL by defendants from *Cranmer, J.,* at Chambers, 2 December,
1931. From JOHNSTON.

*Langston, Allen & Taylor for appellants.*
*Charles U. Harris for appellee.*

PER CURIAM. On 1 January, 1929, the plaintiffs borrowed from the
Atlantic Joint Stock Land Bank of Raleigh $3,700 and executed their
note, payable in semiannual installments of $160.07 each on 1 July
and 1 January of each year. To secure the note they executed a deed
of trust on land (which was duly registered) providing that the mort-
gagors should carry fire insurance on the buildings with loss payable
to the Atlantic Joint Stock Land Bank of Raleigh and that they would
pay the premiums; that they should pay all taxes, liens, judgments or
assessments against the property, in default of which the mortgagee
could make payment and add the amount of the payments to the secured
debt; and that upon their failure to comply with their covenants, then
at the option of the Land Bank the whole principal sum remaining un-
paid should become due.

The plaintiffs made default in the payment of taxes, insurance prem-
iums, and matured installments, and suffered a judgment to be docketed
against them in the sum of $801.76.

The deed of trust contains this provision: "In case any insured build-
ings or improvements on said premises are destroyed or damaged by
fire or wind storm the sum or sums from said insurance may at the

CAUDLE v. R. R.

option of said parties of the first part be applied either to the payment of the note secured by this deed of trust, or, subject to regulations of the Federal Farm Loan Board and under the direction of the Atlantic Joint Stock Land Bank of Raleigh, its successors or assigns, to the reconstruction of the buildings or improvements so destroyed or damaged."

One of the buildings was burned, and insurance in the sum of $500 was collected. The plaintiffs having made default, the trustee advertised the land for sale under the terms of the deed of trust. The plaintiffs obtained a restraining order, contending that they had a right to apply the insurance money to the satisfaction of unpaid taxes and to the installment due 1 July, 1931. The restraining order was continued to the hearing and the defendants appealed.

The plaintiffs elected not to rebuild on the land. We find no provision in the deed of trust for the application of the insurance fund to the payment of past due taxes, and the farm loan regulations stipulate that if the money be applied on the indebtedness it shall be applied first on the unmatured principal. We are therefore of opinion that the plaintiffs are not entitled to have this fund applied as they contend. Judgment

Reversed.